UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 6:25-cv-00551-WWB-UAM

KATHLEEN   DIAL,   AS   PERSONAL
REPRESENTATIVE OF THE ESTATE OF
MARGARET P. CALDWELL, individually
and on behalf of all others similarly
situated,

      Plaintiff,

vs.

FUEGO SMOKE & VAPE LLC, MANKI
INVESTMENTS LLC, HYWAZE LLC,
OUTER LIMITS SALES TWO LLC, A&A
SMOKE SHOP LLC, PUFFZILLA LLC,
and
GIVNGO   LLC,   individually   and   as
representatives of a defendant class,

and

PLUTO BRANDS, LLC, GALAXY GAS,
LLC, DIMO HEMP LLC, FUSION
INTERNATIONAL     TRADING,     LLC,
UNITED BRANDS, INC., SWEET AND
SOUR HOLDINGS LLC, MONSTER GAS,
INC., and BAKING BAD GROUP, INC.

      Defendants.

_____/

## DEFENDANTS GALAXY GAS, LLC, AND PLUTO BRANDS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Galaxy Gas, LLC and Pluto Brands, LLC ("Pluto Brands") (together,

"Defendants") move pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss the

Complaint of Decedent Maragret Caldwell ("Decedent") for failure to state a claim.

Case No. 6:25-cv-00551-WWB-UAM

**INTRODUCTION**

This lawsuit seeks to hold Defendants liable for the tragic consequences of Decedent's alleged intentional inhalation of a nitrous oxide food and beverage additive to get "high" despite warnings against such misuse. Her conduct was not only reckless but illegal.[1] Defendants are not liable as a matter of law for the unfortunate consequences of her unlawful actions.

Defendant Galaxy Gas, LLC, is a Georgia-based company that imported a nitrous oxide product for culinary use and marketed it under the Galaxy Gas brand. Galaxy Gas, LLC, purchased this product from a third-party Chinese manufacturer and arranged for it to be white-labeled for sale in the United States. Pluto Brands was the owner of Galaxy Gas, LLC. On October 3, 2024, Pluto Brands sold its membership interest in Galaxy Gas, LLC, to the Chinese manufacturer that originally supplied the product, and thus, Pluto Brands no longer has any ownership or operational role.

The Galaxy Gas product is not a recreational inhalant, but a food-grade propellant intended for culinary use. Not only does Galaxy Gas' packaging describe the product as a "Food and Beverage Additive," but the Complaint also concedes that nitrous oxide has long-standing legitimate culinary uses. Articles cited within the Complaint specifically acknowledge that the Galaxy Gas culinary product was labeled with warnings *not* to inhale.[2] Nevertheless, Decedent repeatedly purchased the product from third-party retailers and used it contrary to its intended purpose.

---

[1] § 877.111(1), Fla. Stat.

[2] *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement.").

Plaintiff, as the personal representative of the Decedent's estate ("Plaintiff"), does not claim that the Galaxy Gas product was defective or unsafe for its intended use. Instead, Plaintiff attempts to repackage a deliberate act of self-harm to get "high" as a product liability and consumer fraud case. That admitted fact vitiates Plaintiff's claims as a matter of law.

## ALLEGATIONS OF THE COMPLAINT

Defendants are grouped together in the Complaint as "Manufacturer Defendants," but their roles are distinct. Compl. ¶¶ 1, 16–17. Galaxy Gas, LLC, was an importer that sold food-grade nitrous oxide under the Galaxy Gas brand for culinary use. *Id.* at 16. Pluto Brands was allegedly the owner of Galaxy Gas, LLC. *Id.* at 17. Pluto Brands, however, no longer owns any membership interest in Galaxy Gas, LLC; its membership interest in the company has been sold to the Chinese manufacturer that originally produced the product.

Plaintiff asserts causes of action for strict liability, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and unjust enrichment. None are legally viable under Florida law. *First*, the strict liability claims fail because Plaintiff identifies no defect rendering the product unreasonably dangerous when used as intended. The Complaint admits nitrous oxide has a legitimate culinary use as a whipping agent and further concedes the dangers of inhalation are well-documented and widely known. *Id.* ¶¶ 27-31. Plaintiff cannot plausibly allege a failure to warn, as the product packaging explicitly included several warnings, which can be seen in the video Plaintiff linked within Footnote 16 of the Complaint. *Id.* ¶ 40 n.16.  This video depicts images of the product, including the packaging and inserts, where warnings can be seen such as "Do Not Inhale,"

3

"Asphyxiant in high concentrations," and that "Misuse is illegal and can be dangerous to your health, and can potentially cause death." *Id.* Strict liability does not extend to injuries resulting from the intentional misuse of a product contrary to clear warnings.

*Second*, the FDUTPA claim fails as a matter of law. Plaintiff seeks damages based on the Decedent's personal injury and subsequent death. *Id.* ¶¶ 8, 69-73. However, FDUTPA specifically precludes a plaintiff from bringing a claim for personal injury or death. Thus, Plaintiff's FDUTPA claim must be dismissed.

*Third*, the unjust enrichment claim must be dismissed for three independent reasons: (1) the Decedent received the product she paid for and used it, even if she used it unlawfully; (2) Plaintiff does not allege that any benefit was directly conferred on Galaxy Gas, LLC, or Pluto Brands, as required under Florida law; and (3) Plaintiff has pled adequate legal remedies, premised on the same conduct, through her strict liability and FDUTPA claims, which bars equitable relief.

*Fourth*, Fla. Stat. § 768.21 requires a wrongful death complaint to identify the beneficiaries, including the decedent's survivors, and their relationship to the decedent. The Complaint does neither. Ultimately, Plaintiff's claims are grounded in the tragic misuse of a lawful product—misuse that was voluntary, illegal, and contrary to the product's labeling. Decedent cannot shift responsibility for her own reckless and illegal misuse of the product onto Defendants.

*Fifth*, during the pre-filing conferral between the Parties, Plaintiff's counsel stated that Plaintiff and the Plaintiff Class are only seeking economic damages in this case and not damages for personal injury or wrongful death. Defendants asserted that there are several allegations concerning alleged "substantial bodily harm and death to Plaintiff and

Class Members." *See* Compl. ¶¶ 62, 68, 84, and 85. Further, the Prayer for Relief requests "an award of damages, including actual, nominal, consequential, and punitive damages, as allowed by law in an amount to be determined, as against Manufacturer Defendants." *Id*. at ¶96(d). The Complaint does not include any allegations limiting the relief sought to only economic damages. If the Court considers the argument that the damages are limited to only economic damages, then the claim for strict liability is barred by the economic loss rule.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) mandates dismissal of claims for "failure to state a claim upon which relief can be granted." *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1207 (11th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain enough "factual allegations to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570 (2007). The Complaint fails to do so.

## ARGUMENT

### I.    The Strict Liability Claims Fail

#### A.  Decedent's Misuse of the Product as a Recreational Drug Preempts Her Strict Liability Claims.

Product strict liability is not absolute liability. *See West v. Caterpillar Tractor Co., Inc.*, 336 So. 2d 80, 86 (Fla. 1976) ("Generally, when the injury is in no way attributable to a defect, there is no basis for imposing product liability upon the manufacturer. It is not contemplated that a manufacturer should be made the insurer for all physical injuries caused by his products."); *Clark v. Boeing Co.*, 395 So. 2d 1226, 1229 (Fla. 3d DCA 1981)

5

("The concept of strict liability does not make the manufacturer or seller an insurer."). This limitation ensures the doctrine is not overextended into a form of absolute liability for injuries resulting from misuse of a manufacturer's products. *See Hodge v. Tide Tamer Indus., Inc.*, 2020 WL 7636405, at \*6 (N.D. Fla. Apr. 1, 2020).

An action sounding in strict products liability requires the plaintiff to prove that (1) a product, (2) produced by a manufacturer or sold by a distributor/retailer, (3) was defective and created an unreasonably dangerous condition, (4) that proximately caused, (5) injury. *See Edward M. Chadbourbe, Inc. v Vaughn*, 491 So.2d 551 (Fla. 1986); *West v. Caterpillar Tractor Co., Inc.*, 336 So.2d 80 (1976). Here, however, Decedent's injuries did not arise from any defect in the product but from her own deliberate misuse. Strict liability does not apply when a product is used in a manner other than its intended purpose. *See Veliz v. Rental Serv. Corp. USA, Inc.*, 313 F. Supp. 2d 1317, 1326–27 (M.D. Fla. 2003) (a manufacturer is not liable for injuries when the product is used in a manner contrary to its intended purpose); *High v. Westinghouse Elec. Corp.*, 610 So. 2d 1259, 1262 (Fla. 1992) ("In order for strict liability to apply to the manufacturer, the [product] must have been used for the purpose intended."). Decedent's decision to use the product for an unintended purpose—inhaling it to get high—preempts the strict liability claim.

Even foreseeable misuse of a product bars a claim for strict liability. In *Jennings v. BIC Corp.*, for instance, the Eleventh Circuit, applying Florida law, rejected a strict liability claim where a child misused a cigarette lighter. 181 F.3d 1250, 1255-56 (11th Cir. 1999). "A manufacturer is not strictly liable for all injuries caused by its product, however it is used. On the contrary, a manufacturer is liable only when the product is used as intended." *Grieco v. Daiho Sangyo, Inc.* 344 So. 3d 11, 18 (Fla. 4th DCA 2022) citing *Jennings*, 181

6

F.3d at 1256. While the court acknowledged that such misuse was foreseeable, the court held that strict liability did not apply. *Id.* at 1256. The court reasoned that foreseeability alone does not create manufacturer liability if the product was not defective. *Id.*

Likewise, in *Hodge v. Tide Tamer Indus., Inc.*, the court followed *Jennings* and held that even foreseeable or unknowingly misusing the product is a complete defense to a strict liability claim. 2020 WL 7636405, at *6 (N.D. Fla. Apr. 1, 2020) (Strict liability claim was precluded when the plaintiff allegedly unknowingly misused a cargo lift to lift a human). Florida law places this limitation on strict liability's application to ensures the doctrine is not overextended into a form of absolute liability for all accidents resulting from misuse of a manufacturer's product. *Id*. More recently, the Florida Fourth District Court of Appeal applied this rule in *Grieco*, where a driver inhaled compressed gas dusting spray to get high, causing a crash. 344 So. 3d at16. The court held that strict liability only applies when a product is used as intended, despite the "foreseeability of unintended use." *Id.* at 18.

Decedent here intentionally inhaled the product despite a clear warning stating: "Do not inhale." Defendants are not liable for Decedent's deliberate misuse of a product intended for culinary use. Plaintiff's strict liability claim should be dismissed with prejudice.[3]

---

[3] Furthermore, when a plaintiff knowingly engages in voluntary reckless or illegal conduct that directly causes an injury, the manufacturer is not liable. *See, e.g., Labzda v. Purdue Pharma, L.P.*, 292 F. Supp. 2d 1346, 1356 (S.D. Fla. 2003) ("[T]he intentional misuse of an intoxicating product is the sole proximate cause of the injury under Florida law."); *Grieco*, 344 So. 3d at 16-17 (driver's knowing, intentional, and illegal conduct was the sole proximate cause of the injuries, breaking the chain of causation); *DZE Corp. v. Vickers*, 299 So. 3d 538, 541 (Fla. 1st DCA 2020) ("Florida law does not permit a jury to consider proximate cause where a person responsible for the injury is voluntarily impaired or intentionally misuses a product."); *Barnes v. B.K. Credit Service, Inc.*, 461 So. 2d 217,

Case No. 6:25-cv-00551-WWB-UAM

### B. The Economic Loss Rule Bars the Strict Liability Claim if Plaintiff is only seeking Economic Damages

Under Florida law, a plaintiff is barred from recovering purely economic damages in a strict liability claim against a manufacturer. The economic loss rule precludes recovery of economic losses in tort actions, including strict liability claims, when damages are not being claimed for personal injury or wrongful death.

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004), receded from on other grounds, *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399 (Fla. 2013). Economic losses are disappointed economic expectations and include "damages for inadequate value, costs of repair and replacement of the defective product, or consequential loss of profits." *Id.* at 536 n.1 (quoting *Casa Clara Condo. Ass'n, Inc. v. Charley Toppino & Sons, Inc.,* 620 So. 2d 1244, 1246 (Fla. 1993)). The economic loss rule's intended purpose was "to limit actions in the products liability context." *Tiara*, 110 So. 3d at 407.

The rationale behind this principle is to maintain the distinction between contract law and tort law. Contract law, through warranty claims, governs the recovery of economic losses arising from a product's failure to meet expectations, while tort law addresses damages for personal injury or property damage caused by defective products. *Id* at 401.

---

219 (Fla. 1st DCA 1984) (proximate cause of injury was plaintiff's voluntary intoxication). Here, Decedent knowingly and illegally inhaled nitrous oxide for recreational use despite a warning against doing so. Her alleged injuries were not caused by a product defect but by her own choices. Decedent's voluntary misuse is a complete bar to liability, breaking the chain of causation between Defendants and her alleged injuries.

Strict liability is intended to protect consumers from physical harm caused by defective products, not to address economic expectations. *Id* at 403.

The courts have consistently held that economic damages alone are not recoverable under a strict liability claim. If the Complaint is only seeking economic damages, then the claims for strict liability are barred as a matter of law.

## II.   Plaintiff's FDUTPA Claim Fails as a Matter of Law.

A claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). Plaintiff seeks damages based on the Decedent's personal injury and subsequent death. "However, FDUTPA specifically precludes a plaintiff from bringing a claim for personal injury or death." *See Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351, 1356 (S.D. Fla. 2009) citing § 501.212(3), Fla. Stat.; *see also Schauer v. Morse Operations, Inc.*, 5 So. 3d 2, 2009 WL 28674 at *4 (Fla. 4th DCA 2009) (citing Fla. Stat. § 501.212(3)). Thus, the FDUTPA claim must be dismissed for failure to state a claim.

## III.   Plaintiff's Unjust Enrichment Claim Fails.

Plaintiff's unjust enrichment claim is barred because the Decedent received the product she paid for, Decedent did not confer a direct benefit on the Defendants, and the Complaint pleads an adequate remedy at law.

### A. Decedent received the product she paid for.

To state a claim for unjust enrichment under Florida law, Plaintiff must allege: (1) she conferred a direct benefit on the defendant; (2) the defendant had knowledge of the benefit; (3) the defendant accepted and retained the benefit; and (4) it would be

9

inequitable for the defendant to retain the benefit without compensating the plaintiff. *Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp.*, 899 So. 2d 1222, 1227 (Fla. 1st DCA 2005).

Here, Plaintiff alleges that Decedent purchased the product, inhaled it, and suffered injury from misuse. Decedent received the product she paid for and used it— albeit unlawfully and contrary to express warnings. In other words, she received the benefit of her bargain. "Unjust enrichment cannot exist where payment has been made for the benefit conferred." *N.G.L. Travel Assocs. v. Celebrity Cruises, Inc.*, 764 So. 2d 672, 675 (Fla. 3d DCA 2000); *see also Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236–37 (S.D. Fla. 2007) (dismissing unjust enrichment claim where plaintiffs received the benefit of the product purchased, even if later dissatisfied with it).

Decedent purchased and received a food-grade propellant intended for culinary use. Any resulting harm stems from her intentional and illegal misuse, not from a failure to receive the product.

**B.  The Complaint fails to allege a directly traceable benefit to Defendants.**

Florida courts require that the benefit be "directly conferred" on the defendant. *Chiquita Fresh N. Am., L.L.C. v. Port Everglades Terminal, LLC*, 372 So. 3d 277, 280 (Fla. 4th DCA 2023); *Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. 3d DCA 2009).

While some federal courts have acknowledged that a benefit may, in limited circumstances, flow through an intermediary, that theory remains narrowly confined. *See Shelor v. Jaguar Land Rover N. Am. LLC*, 2025 U.S. Dist. LEXIS 19700, at *134 (M.D. Fla. Jan. 31, 2025)*. The benefit must still be "fully and directly traceable" from the plaintiff to

10

the defendant—not merely incidental or tangential. *Id.* (predicting Florida Supreme Court would hold that a benefit through an intermediary must be "fully and directly traceable").

Here, Plaintiff alleges no such direct benefit. The Complaint groups Galaxy Gas, LLC, and Pluto Brands together as "Manufacturer Defendants" and fails to allege any facts showing that either entity directly received any payment or conferred benefit from Decedent. Compl. ¶¶ 1, 16-17. To the contrary, Plaintiff admits Decedent purchased Galaxy Gas products from independent third-party retailers. *Id.* ¶¶ 8, 50–52. These allegations fall far short of what Florida law requires to establish a plausible unjust enrichment claim. *See Shelor*, 2025 U.S. Dist. LEXIS 19700, at *135 (holding that "legal conclusions" of an alleged direct benefit in an unjust enrichment claim "are not considered under the plausibility standard.").

Courts consistently reject unjust enrichment claims where a plaintiff merely asserts that a defendant was indirectly enriched through third-party transactions. *Extraordinary Title*, 1 So. 3d at 404 (rejecting claim against parent company where customer dealt only with subsidiary); *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc.*, 352 So. 3d 357, 361 (Fla. 3d DCA 2022) (rejecting claim where funds passed through management entity and were not directly conferred on the defendant).

Additionally, the Complaint failed to allege that Plaintiff conferred any direct benefit on the Manufacturer Defendants. The product was purchased from the Smoke Shop Defendants, which are the entities that allegedly received the benefit from the Plaintiff. The Complaint does not allege that the Plaintiff and Plaintiff Class purchased the product directly from the Manufacturer Defendants. Accordingly, the Complaint does not allege that Galaxy Gas, LLC, or Pluto Brands received a direct benefit from the Plaintiff or

11

Plaintiff Class. Nor does the Complaint allege facts showing the benefit was fully and directly traceable to either Defendant. The unjust enrichment claim must, therefore, be dismissed.

### C. The Complaint has alleged an adequate legal remedy barring the unjust enrichment claim.

"It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy." *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.,* 390 F.Supp.2d 1170, 1178 (M.D.Fla. 2005). To properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists. *Id.*

"The paradigm examples of unjust enrichment are mistaken transfers." *Tilton v. Playboy Entm't Grp., Inc.*, 2007 U.S. Dist. LEXIS 1393, at *3 (M.D. Fla. Jan. 8, 2007). "Where a plaintiff predicate[] their unjust enrichment claim on the wrongful conduct of a defendant, then the plaintiff's right of recovery, if any, arises from the wrong of the alleged tort rather than unjust enrichment." *Id.*

In the unjust enrichment claim, Plaintiff seeks recovery for the exact same wrongful conduct alleged as in the FDUTPA and strict liability claims. Compl. ¶¶ 81-90. Because Plaintiff has asserted legal claims addressing the same conduct, the unjust enrichment claim is barred. *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1342 (S.D. Fla. 2011) (dismissing unjust enrichment claim where plaintiff sought "recovery for the exact same wrongful conduct as in his other claims"); *Florida v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005) (dismissing unjust enrichment claim because "Plaintiffs' right of recovery, if any," arises from the alleged tort). Plaintiff's unjust enrichment claim must be dismissed with prejudice.

12

## IV.    The Complaint Violates the Florida Wrongful Death Act.

Under Florida law, "[a]ll potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged." § 768.21, Fla. Stat.; *Gaines v. Robinson Aviation (RVA), Inc.*, 2014 WL 6882934, at *6 (M.D. Fla. 2014) ("Importantly, when suing under the Wrongful Death Act, '[a]ll potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged.'") (citing Fla. Stat. § 768.21).

Here, the Complaint fails to allege the identity of **any** "potential beneficiaries" or "their relationship to the decedent," in violation of Fla. Stat. § 768.21. Consequently, the Complaint should be dismissed for failing to identify any potential beneficiaries and their relationship to the decedent.

## V.    The Claim for Punitive Damages Should be Stricken.

Plaintiff may only be seeking economic damages, even though that is not clearly alleged in the complaint. If only economic damages are being sought, and the tort claims are barred, the punitive damage claims should be stricken. Section 768.72 of the Florida Statutes provides that punitive damages may only be awarded if the trier of fact finds, by clear and convincing evidence, that the defendant was personally guilty of intentional misconduct or gross negligence. These standards apply only in the context of tort claims. The strict liability claim is barred by the economic loss rule if only economic damages are sought. See *Indemnity Ins. Co. of N. Am.*, supra. Accordingly, the punitive damage claim should be stricken.

## VI.    Defendants Preserve their Lack of Personal Jurisdiction Defense

13

As mentioned above, despite the various allegations of bodily harm and death, Plaintiff's counsel has told defense counsel that Plaintiff and the Plaintiff Class are only seeking economic damages in this case and not damages for personal injury or wrongful death. If Plaintiff is only seeking economic damages, then Plaintiff's Complaint potentially fails against Defendants for lack of personal jurisdiction. See *MSP Recovery Claims v. Coloplast Corp.*, 353 So. 3d 705 (Fla. 3d DCA 2023). The *Coloplast* court affirmed the trial court's dismissal for lack of personal jurisdiction where the defendant did not commit torts against the plaintiff individually, and the plaintiff admitted it was not seeking recovery for personal injury claims. Thus, the causes of action were untethered to the alleged activity in Florida. *Id*. at 707-08.

Similarly, here, Defendants did not commit torts against the Plaintiff Personal Representative individually, and Plaintiff contends she is not seeking recovery for personal injury claims on behalf of Decedent. Defendants reserve their right to raise this lack of personal jurisdiction defense if and when the allegations of the Complaint are clarified.

## CONCLUSION

Each of Plaintiff's claims against the Defendants fails as a matter of law. Plaintiff received the product as purchased, misused it in direct violation of express warnings, and now seeks to impose liability where Florida law provides none. Because the Complaint is legally deficient on multiple, independent grounds, dismissal with prejudice is warranted.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rules 3.01(g), I certify that prior to filing this motion, Shawn Libman, on behalf of Defendants Galaxy Gas, LLC, and Pluto Brands, LLC, conferred on

14

April 16, 2025, via Zoom Video Conference with John Yanchunis, Riya Sharma, and Ron Podolny, on behalf of the Plaintiff, in an effort to address the issues raised in this Motion. Plaintiff disagreed with the arguments raised by the Defendants in this Motion and the relief sought herein.

Case No. 6:25-cv-00551-WWB-UAM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Middle District of Florida, using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that the CM/ECF system will provide service.

Respectfully submitted,

CLARKE SILVERGLATE, P.A.
5301 Blue Lagoon Drive, Suite 900
Miami, Florida 33126
Telephone: (305) 377-0700

By: /s/ *Spencer H. Silverglate*
    Spencer H. Silverglate
    Florida Bar No. 769223
    ssilverglate@cspalaw.com
    lyun@cspalaw.com
    Shawn Y. Libman
    Florida Bar No. 10544
    slibman@cspalaw.com
    lyun@cspalaw.com
    Adisbel Hernandez
    Florida Bar No. 1038701
    ahernandez@cspalaw.com
    kmartinez@cspalaw.com
    clandgraf@cspalaw.com

*Counsel for Defendants Galaxy Gas, LLC, and Pluto Brands, LLC*

16