**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.: 6:25-cv-00551**

KATHLEEN DIAL, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MARGARET P. CALDWELL,
individually and on behalf of all others
similarly situated,

                Plaintiff,

vs.

FUEGO SMOKE & VAPE LLC, MANKI
INVESTMENTS LLC, HYWAZE LLC,
**OUTER LIMITS SALES TWO LLC**, A&A
SMOKE SHOP LLC, PUFFZILLA LLC,
and GIVNGO LLC, individually and as
representatives of a defendant class,

and

PLUTO BRANDS, LLC, GALAXY GAS,
LLC, DIMO HEMP LLC, FUSION
INTERNATIONAL TRADING, LLC,
UNITED BRANDS, INC., SWEET AND
SOUR HOLDINGS LLC, MONSTER
GAS, INC., and BAKING BAD GROUP,
INC.,

                Defendants.
_____/

## DEFENDANT OUTER LIMITS SALES TWO LLC'S MOTION TO DISMISS COUNT IV OF CLASS ACTION COMPLAINT

Defendant, Outer Limits Sales Two LLC ("Outer Limits"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 12 and 23, hereby

files this Motion to Dismiss Count IV of Plaintiff's Class Action Complaint [ECF No. 1-2] and, as grounds therefor, states as follows:

1. On February 6, 2025, Plaintiff, Kathleen Dial, as Personal Representative of the Estate of Margaret P. Caldwell ("Plaintiff"), filed a Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, against multiple defendants, including Outer Limits [ECF No. 1-2].

2. On March 27, 2025, Defendant Galaxy Gas, LLC, filed a Notice of Removal of the action to this Court [ECF No. 1].

3. The named defendants consist of two (2) groups: the "Manufacturer Defendants" and the "Smoke Shop Defendants" [ECF No. 1-2 ¶ 1].

4. Defendant Outer Limits is part of the group referred to in the Complaint as the "Smoke Shop Defendants."

5. The only claim asserted against the Smoke Shop Defendants is Count IV for Declaratory and Injunctive Relief.

6. For the reasons set forth below, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff lacks standing to seek declaratory and injunctive relief because she does not allege a sufficient likelihood of future harm, and a favorable judicial decision would not redress any alleged injury.

7. The Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a claim upon which relief would be granted.

8. The "political question" doctrine bars Plaintiff's claim for declaratory and injunctive relief that would prohibit smoke shops nationwide from selling nitrous oxide ("N-O") products.

## MEMORANDUM OF LAW

**I.     INTRODUCTION.**

This litigation arises out of the "regulatory vacuum" pertaining to the sale of nitrous oxide ("N-O") products.[1] In the absence of legislation or administrative rules regulating the sale of such products, Plaintiff seeks injunctive and declaratory relief "preliminary and permanently enjoin[ing]" Outer Limits and the other defendants listed as alleged members of the "putative Smoke Shop Class" "from selling N-O Products on their premises or online." *See* Compl. ¶ 95.

As pleaded, the circumstances of this case are concededly tragic—Plaintiff alleges that Decedent, Margaret Caldwell, became addicted to N-O products that she purchased from Outer Limits and the named smoke shop defendants, causing adverse health consequences and ultimately her death. *See* Compl. ¶¶ 50–52. However, Plaintiff seeks relief that extends far beyond what the judicial system can offer her and thus Count IV should be dismissed and class certification should be denied.

Dismissal is appropriate here because Plaintiff lacks Article III standing to seek declaratory and injunctive relief—*prospective* relief—requires a sufficient likelihood of *future* harm. Plaintiff does not allege such a prospect, let alone its sufficient likelihood, here. Also demonstrating Plaintiff's lack of standing is that she does not allege to have

---

[1] The "regulatory vacuum" is described in an article cited in footnote 13 of Plaintiff's Complaint. *See* ECF 1-2 ¶ 35, n.13 (citing Amogh Dimri, *The Illegal Drug at Every Corner Store*, The Atlantic (Feb. 3, 2025), https://www.theatlantic.com/ideas/archive/2025/02/nitrous-oxide-drug-loophole/681532/ (last accessed on Apr. 21, 2025)). The Federal Rules of Civil Procedure "provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' Fed.R.Civ.P. 10(c), including for ruling on a motion to dismiss." *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1303 (11th Cir. 2022) (quoting *Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) (collecting cases)).

suffered any harm outside of Florida,[2] meaning she cannot seek injunctive or declaratory relief beyond Florida's borders. For these reasons, Plaintiff's claims must fail under Federal Rule of Civil Procedure 12(b)(1) and (6).

Dismissal is also warranted because Plaintiff asks this Court to resolve the political question of whether putative defendant class members *ought* to be enjoined from selling N-O products. As Plaintiff is the only named plaintiff, and she lacks standing as to Count IV, the putative plaintiff class and subclass members lack such standing as well, meaning Count IV should be dismissed.

Even if Plaintiff possessed standing to seek declaratory and injunctive relief, dismissal of Count IV would still be warranted. Plaintiff cannot pursue class-based declaratory or injunctive relief because she lacks standing, and her proposed classes are not tied to any individualized injury. Plaintiff also does not assert a claim against each putative defendant class member, and there is no "juridical link" necessary to sustain a defendant class. Additionally, because this Court cannot afford Plaintiff the relief she seeks, Count IV is not maintainable and must be dismissed.

## II.  **FACTUAL ALLEGATIONS.**

Outer Limits is a Florida limited liability company retailing in tobacco products and accessories in Orange County, Florida. Outer Limits operates "Outer Limits Smoke Shop" in Clermont, FL. Plaintiff alleges that Decedent was "enticed to purchase N-O Products by Manufacturer Defendants' advertising," and purchased such products from each named smoke shop defendant. *See* Compl. ¶ 8. According to Plaintiff, Decedent became

---

[2] Plaintiff alleges that the named smoke shop defendants, all located in Florida, sold Decedent N-O products, *see* Compl. ¶¶ 8–15, but does not allege that Decedent was sold N-O products outside of Florida.

addicted to these N-O products and suffered "severe health consequences," ultimately resulting in her overdose death. *See* Compl. ¶¶ 8, 52.

Plaintiff alleges that N-O's popularity as a recreational drug is increasing and that the way N-O products are manufactured, marketed, and sold—including alleged violations of the law—has contributed to this increase. *See* Compl. ¶¶ 27–42. Plaintiff also alleges that numerous smoke shops exist in Florida and that many have violated the law. *See* Compl. ¶¶ 43–49. In Count IV, Plaintiff alleges that Outer Limits violated Florida law by selling unlawful quantities of N-O. *See* Compl. ¶¶ 91–95 (incorporating ¶¶ 38–39).

Plaintiff seeks to certify a plaintiff class ("Plaintiff Class") of individuals residing in the United States who purchased N-O products manufactured by Manufacturer Defendants from a smoke shop (as defined in the Complaint); a subclass ("Plaintiff Subclass") of individuals residing in Florida who purchased the same; and a defendant smoke shop class ("Defendant Class") consisting of smoke shops located in the United States who sold N–O products. *See* Compl. ¶¶ 53, 57. Plaintiff does not allege that the Plaintiff Class or Subclass suffered any injury due to the sale of N–O products, and she seeks no damages from the Defendant Class.

### III.    LEGAL STANDARD.

#### A.    Dismissal for Lack of Standing Under Rule 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal based on a lack of subject matter jurisdiction. A facial attack on subject matter jurisdiction requires the court to determine whether a basis for such jurisdiction has been "sufficiently alleged," and treat the complaint's allegations as true for the purposes of the motion. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (cleaned up). Dismissal for

lack of standing is appropriate under Rule 12(b)(1). *See Perlman v. PNC Bank, N.A.*, 38 F.4th 899, 901 (11th Cir. 2022) (affirming dismissal of the complaint under Rule 12(b)(1) because the plaintiff lacked standing).

Standing "is a doctrine rooted in the traditional understanding of a case or controversy" under Article III of the Constitution and which was developed "to ensure that federal courts do not exceed their authority as it has been traditionally understood" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 820 (1997)). Article III standing depends on the existence of three factors: (1) an "injury in fact" that is (2) "fairly traceable" to the defendant's conduct, and will (3) "likely," as opposed to speculatively, be "redressed by a favorable decision." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992) (cleaned up). "[A]n injury in law is *not* an injury in fact." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis added).

### B. Dismissal for Failure to State a Claim Under Rule 12(b)(6).

Dismissal of Count IV is also warranted under Federal Rule of Civil Procedure 12(b)(6) based on a plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### IV. ARGUMENT.

#### A. Plaintiff Lacks Standing to Seek Declaratory and Injunctive Relief, and Count IV Should Be Dismissed.

It is well-established that a plaintiff lacks standing to seek declaratory and injunctive relief absent a real and immediate threat of future injury. A plaintiff seeking such

relief "must prove not only an injury, but also a real and immediate threat of future injury in order to satisfy the 'injury in fact' requirement." *Koziara v. City of Casselberry*, 392 F.3d 1302, 1306 (11th Cir. 2004) (cleaned up). A plaintiff must demonstrate "a sufficient likelihood that he will be affected by the allegedly unlawful conduct *in the future*." *Id.* (cleaned up) (emphasis added). *See also Hange v. City of Mansfield, Ohio*, 257 F. App'x 887, 891 (6th Cir. 2007) (recognizing that standing to seek declaratory or injunctive relief "depends on the likelihood of *future* harm." (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (emphasis added))).

Plaintiff lacks standing to seek injunctive and declaratory relief against Outer Limits because the Complaint is devoid of any allegation that there is a "real and immediate threat" of future injury, or a "sufficient likelihood that [she] will be affected by the allegedly unlawful conduct in the future." To possess such standing, Plaintiff would have to allege that she is in "immediate danger" of suffering the same injury previously suffered. *Volinsky v. Lenovo (United States) Inc.*, 2024 WL 1299315, at *4 (M.D. Fla. Mar. 27, 2024). She has not made any such allegation here. It "beggars belief—knowing what [Plaintiff] claims to [know] about" the alleged danger of N-O products "that [Plaintiff] is in immediate danger of" suffering the same injury again. *See id.*

Further, Plaintiff does not allege that she suffered any harm outside of Florida, nor that she faces any ongoing threat of harm. "Because [Plaintiff] cannot transform [her alleged] Florida injury into one of another state, [she] lacks standing to assert the multistate claims alleged" in Count IV, "either individually or as a class representative." *Id.*

Because Plaintiff lacks standing to seek declaratory and injunctive relief, Count IV of Plaintiff's Class Action Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

### B. Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted, and Count IV Should Be Dismissed.

For the same reasons dismissal under Rule 12(b)(1) is warranted, Plaintiff has failed to state a claim under Rule 12(b)(6). Plaintiff's sole claim against Outer Limits under Count IV is for declaratory and injunctive relief prohibiting Outer Limits from selling N-O products. Even accepting all of the Complaint's allegations as true, and viewing them in the light most favorable to Plaintiff, Plaintiff has not stated a claim for declaratory and injunctive relief because she has not alleged a real and immediate threat of future harm resulting from Outer Limits' conduct. *See Koziara*, 392 F.3d at 1306. Accordingly, Dismissal of Count IV under Rule 12(b)(6) is appropriate.

### C. Plaintiff's Lack of Standing to Seek Declaratory and Injunctive Relief Means That the Putative Plaintiff Class and Subclass Members Also Lack Standing.

As stated above, Plaintiff lacks standing to pursue the declaratory and injunctive relief claim asserted in Count IV of her Class Action Complaint. A named plaintiff's standing "is a threshold question in any class action case; thus, 'any analysis of class certification must begin with the issue of standing.'" *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 682 (S.D. Fla. 2013) (quoting *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987)) (citation omitted). For class certification, "the named plaintiffs *must* have standing . . . ." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (cleaned up) (emphasis added).

For purposes of brevity, Outer Limits will not rehash its standing argument *supra*. It suffices to say that Plaintiff lacks standing because she has not alleged a sufficient likelihood of future harm or a real and immediate threat of such harm. *See Koziara*, 392 F.3d at 1306. And "because [Plaintiff] lacks standing to seek injunctive relief and is the only named plaintiff, there is no standing for the putative classes to seek such relief either." *Volinsky*, 2024 WL 1299315, at *4 (citations omitted).

### D.  The Political Question Doctrine Bars Plaintiff's Claim for Declaratory and Injunctive Relief.

As acknowledged by an article cited in Plaintiff's Complaint, there is a "regulatory vacuum" regarding the sale of over-the-counter N-O products. *See* Compl. ¶ 35 n.13. While some states limit the sale of N-O products to individuals under 18 or 21 years old, and Louisiana recently enacted legislation making the sale of N-O "presumptively illegal," the article recognizes that "legislative efforts have yet to deliver significant change." *Id.* Plaintiff's request for injunctive and declaratory relief seeks to use litigation as a substitute for regulation, but in so doing, raises a political question that this Court, and any court, is incapable of resolving: "Whether Smoke Shop Defendants and members of the Defendant Class *ought* to be enjoined from selling N-O Products through injunctive relief." *See* Compl. ¶ 58(e) (emphasis added). Dismissal is therefore appropriate.

The "political question" doctrine "protects the separation of powers and prevents federal courts from overstepping their constitutionally defined role." *McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1357 (11th Cir. 2007) (citations omitted). The Supreme Court has set forth "the six indicia of a political question":

> [1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for

> resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Id.* at 1357–58 (quoting *Baker v. Carr*, 369 U.S. 186, 217 (1962)). A case "may be dismissed on political question grounds if—and only if—the case will require the court to decide a question possessing one of these six characteristics." *Id.* at 1358 (citations omitted).

The judiciary has "the authority to interpret the law," but it "possess[es] neither the expertise nor the prerogative to make policy judgments." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 538 (2012). Such decisions "are entrusted to our Nation's *elected leaders*, who can be *thrown out of office* if the people disagree with them." *Id.* (emphases added). It is not the judiciary's role "to protect the people from the consequences of their political choices." *Id.*

As noted in Plaintiff's Complaint, the question she would have this Court answer is whether the Defendant Class "ought to be enjoined from selling N-O Products through injunctive relief." *See* Compl. ¶ 58(e). This is an inherently political question, and its resolution requires a policy judgment. Where "a court is given no standard by which to adjudicate a dispute," or the resolution of a dispute requires a "yet-unmade policy determination charged to a political branch," the case presents a nonjusticiable political question, and "resolution of the suit is beyond the judicial role envisioned by Article III." *Zivotofsky v. Clinton*, 566 U.S. 189, 204 (2012) (Sotomayor, J., concurring) (citations

omitted). The second and third *Baker* factors, discussed below, "reflect circumstances" such as this "in which a dispute calls for decision making beyond courts' competence." *Id.* at 203.

As to the second *Baker* factor, there are no judicially discoverable and manageable standards for answering Plaintiff's question. On some occasions, tort law may provide "clear and well-settled rules on which the district court can easily rely." *Linder v. Portocarrero*, 963 F.2d 332, 337 (11th Cir. 1992) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 49 (2d Cir. 1991)) (quotation marks omitted). But this is not such a case where "flexible standards of negligence law are well-equipped to handle varying fact situations." *McMahon*, 502 F.3d at 1364. Negligence law would already provide for certain common law duties. Instead, Plaintiff would have this Court determine that the Defendant Class *should be* enjoined from selling N-O products *period*. There is a vast distinction between a court using tort law to set the boundaries of a legal duty, and a court declaring that certain products should not be sold by certain businesses with no exception. Any judicial determination of whether the Defendant Class *ought* to be enjoined from selling N-O products "would be an 'unmoored determination' of the sort of characteristic of a political question beyond the competence of federal courts." *Rucho v. Common Cause*, 588 U.S. 684, 707 (2019) (quoting *Zivotofsky v. Clinton*, 566 U.S. 189, 196 (2012)). There are "no legal standards discernible in the Constitution for making such standards, let alone limited and precise standards that are clear, manageable, and politically neutral." *Id.*

As to the third *Baker* factor, this Court could not answer Plaintiff's question "without an initial policy determination of a kind clearly for nonjudicial discretion." *McMahon*, 502

F.3d at 1358. Whether putative Defendant Class members *ought* to be prohibited from selling N-O products is inherently a policy determination. Plaintiff does not allege that putative Defendant Class members are violating any federal law or regulation by selling N-O products. Yet Plaintiff would ask this Court to determine that nonetheless, they *should* be prohibited from doing so *without exception*. This Court would essentially have to take on the role of a legislative body in order to balance the reasons for prohibiting, and not prohibiting, putative Defendant Class members from selling N-O products. Such policy considerations are "of a kind clearly for *nonjudicial* discretion." Even absent congressional regulation, it would raise significant federalism concerns were a single district court to enjoin Defendant Class members *in every state* from engaging in commerce that appears legal in most states.

Finally, as to the fourth *Baker* factor, it would be impossible for this Court to undertake independent resolution of Plaintiff's question "without expressing lack of the respect due coordinate branches of government." Specifically, it is for the legislative branch, *not* the judicial branch, to decide whether putative Defendant Class members *ought* to be prohibited from selling N-O products nationwide. The political question doctrine is rooted in the separation of powers.[3] *See McMahon*, 502 F.3d at 1357 (noting that the political question doctrine "protects the separation of powers and prevents federal courts from overstepping their constitutionally defined role." (citations omitted)).

---

[3] Though a court might reasonably be called upon to determine constitutionality of any prohibition, such as its consistency with the Commerce Clause, it would not be that court's role to determine whether such a prohibition "ought" to be brought into existence in the first instance.

Plaintiff's request for injunctive and declaratory relief seeks to prohibit smoke shops nationwide from selling N-O products. Such sweeping relief goes far beyond what any court can offer Plaintiff, especially absent allegations that putative Defendant Class members' selling of such products violates a common regulatory or statutory scheme. The key question, as framed by Plaintiff, is whether putative Defendant Class members "*ought* to be enjoined from selling N-O Products through injunctive relief." *See* Compl. ¶ 58e (emphasis added). Courts are ill-suited to answer such an inherently political question. Because Count IV of Plaintiff's Complaint requires this Court's resolution of a political question, "it must be dismissed for lack of jurisdiction." *McMahon*, 502 F.3d at 1358 (citations omitted).

Dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted" is also available. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss on those grounds, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### E.     Dismissal, not Remand, is Warranted.

In response to co-defendant Givingo, LLC's Motion to Dismiss, Plaintiff argued that the only proper course of action would be for the Court to remand Count IV to state court. That is not true. This Court may properly dismiss Count IV without remanding it back to state court if remand would be futile. *See Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 787 (5th Cir. 1990) (finding that where remand "would be a futile gesture, wasteful of scarce judicial resources," case was appropriately dismissed); *Bell v. City of Kellogg,* 922 F.2d 1418, 1424 (9th Cir. 1991) ("Where the remand to state court would be futile, however,

the desire to have state courts resolve state law issues is lacking. We do not believe that Congress intended to ignore the interest of efficient use of judicial resources").

Plaintiff seeks declaratory and injunctive relief against Outer Limits, and the other Smoke Shop Defendants, but even if remanded to state court, Plaintiff is not entitled to the declaratory and injunctive relief she seeks there either, as Count IV of the Complaint asks this Court to make a policy determination – to rule and adjudicate that Smoke Shop Defendants be precluded from selling a product that they are legally permitted to sell under applicable laws as currently written. This determination is not one for the courts to decide, but one for the legislature to grapple with. If remanded, the state court will be facing the very same political question the Court here faces – simply put, Plaintiff will then be asking the state court, instead of this Court, to step in and take the power away from the legislature and make a political decision that it has no authority to make. The Florida state courts have consistently held that "political questions [are] best resolved in the political arena"[4]. Political questions - as opposed to legal questions - fall within the exclusive domain of the legislative and executive branches under the guidelines established by the Florida Constitution. Art. II, § 3, Fla. Const.

Florida's First District Court of Appeal discussed the nonjusticability of political questions at length in *DeSantis v. Florida Education Ass'n*, stating in part:

> "The nonjusticiability of a political question is primarily a function of the separation of powers." *Baker v. Carr*, 369 U.S. 186, 210, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Unlike legal questions, political questions "fall within the exclusive domain of the legislative and executive branches under the guidelines established by the Florida Constitution." *Johnson v. State*, 660 So. 2d 637, 646 (Fla. 1995). And so, courts must refrain from answering political questions because it is not the judiciary's role to decide questions that "revolve around policy choices

---

[4] *Citizens for Strong Schools, Inc. v. Fla. State Board of Education*, 232 So.3d 1163 (Fla. 1st DCA 2017)

> and value determinations constitutionally committed for resolution to the halls of [the legislature] or the confines of the Executive Branch." *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986).

*DeSantis v. Florida Education Ass'n*, 306 So.2d 1202, 1214 (Fla. 1st DCA 2020).

Ultimately, what is, or is not, legal to sell in a retail store is determined by federal, state, and local laws and regulations, not the courts – regardless of whether that is a federal court in the Middle District of Florida or the Ninth Judicial Circuit state court. Count IV should not be remanded, but instead, should be dismissed, as remand would be futile.

## V. <u>CONCLUSION.</u>

As a threshold matter, Plaintiff lacks standing to seek declaratory and injunctive relief because she does not allege a real and immediate risk of future harm from Outer Limits' sale of N-O products—or from any smoke shop's sale of such products. Because Plaintiff's proposed relief is unavailable, she has also failed to state a claim upon which relief can be granted. As Plaintiff is the only named plaintiff in this action, and she lacks standing to seek declaratory and injunctive relief, the putative Plaintiff Class and Subclass likewise lack standing. Accordingly, Count IV of Plaintiff's Class Action Complaint should be dismissed.

Further, Plaintiff asks this Court to resolve the inherently political question of whether Defendant Class members ought to be enjoined from selling N-O products. Because there are no judicially discoverable and manageable standards for this Court to resolve this question, it would be impossible for this Court to resolve the question without making a policy determination clearly for nonjudicial discretion. Moreover, because this

Court's resolution of the question would infringe on the legislative branch's authority, Count IV must also be dismissed under the political question doctrine for lack of subject matter jurisdiction.

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that, pursuant to Local Rule 3.01(g), prior to filing this Motion, the undersigned counsel conferred with counsel for Plaintiff, John Allen Yanchunis, Esq., and Plaintiff opposes the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Madeline S. Villani*
Scott P. Yount, FBN: 0021352
Madeline S. Villani, FBN: 127619
Rachel H. Leach, FBN: 1050205
Garrison, Yount, Forte & Mulcahy, L.L.C.
601 Bayshore Boulevard, Suite 800
Tampa, Florida 33606
Phone: (813) 275-0404 | Fax: (813) 275-0304
Emails:  syount@garrisonyount.com
         mvillani@garrisonyount.com
         rleach@garrisonyount.com
         lvalentin@garrisonyount.com
         eservice@garrisonyount.com
*Counsel for Defendant, OUTER LIMITS SALES TWO LLC*