UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

| | |
|---|---|
| KATHLEEN DIAL, AS PERSONAL REPRESENATITIVE OF THE ESTATE OF MARGARET P. CALDWELL, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FUEGO SMOKE & VAPE LLC, MANKI INVESTMENTS LLC, HYWAZE LLC, OUTER LIMITS SALES TWO LLC, A&A SMOKE SHOP LLC, PUFFZILLA LLC, and GIVINGO LLC, individually and as representatives of a defendant class,<br><br>and<br><br>PLUTO BRANDS, LLC ,GALAXY GAS, LLC, DIMO HEMP LLC, FUSION INTERNATIONAL TRADING LLC, UNITED BRANDS, INC., SWEET AND SOUR HOLDINGS LLC, MONSTER GAS, INC., and BAKING BAD GROUP, INC.<br><br>Defendants. | CASE NO. 6:25-cv-00551-WWB-UAM |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS, MANKI INVESTMENTS, LLC, HYWAZE LLC, AND A&A SMOKE SHOP LLC'S MOTION TO DISMISS COUNT IV OF CLASS ACTION COMPLAINT AND RESPONSE IN OPPOSITION TO CLASS CERTIFICATION <u>REQUEST AS IT RELATES TO COUNT IV</u>**

1

Plaintiff, Kathleen Dial, as the personal representative of the Estate of Margaret P. Caldwell ("Plaintiff"), files this Response in Opposition to Defendants Manki Investments, LLC, Hywaze LLC, and A&A Smoke Shop LLC's ("Defendants")[1] Motion to Dismiss Count IV of Class Action Complaint and Response in Opposition to Class Certification Request as it Relates to Count IV ("Mot.") (ECF 17).

For the reasons set forth below, Defendant's motion must be denied and Count IV must be remanded to state court.

## FACTUAL AND PROCEDURAL BACKGROUND

This putative class action arises from the Manufacturer Defendants' manufacturing, importation, and marketing, and the Smoke Shop Defendants' retailing of nitrous oxide canisters and accessories for the inhalation and recreational use of nitrous oxide products to the public. The Complaint alleges that while nitrous oxide has a number of legitimate uses—including for anesthesia in medicine, in the automotive industry, and as a whipping agent for cooking—it is also a popular and dangerous recreational drug whose popularity has been fueled by social media. The Complaint describes the dangerous effects of nitrous oxide, the ways the

---

[1] As set forth in the Complaint (ECF 1-2), Defendants are three "Smoke Shop Defendants," along with Fuego Smoke & Vape LLC, Outer Limits Sales Two LLC, Puffzilla LLC, and Givingo LLC. Also named in the Complaint are Pluto Brands, LLC, Galaxy Gas, LLC, Dimo Hemp LLC, Fusion International Trading LLC, United Brands, Inc., Sweet and Sour Holdings LLC, Monster Gas, Inc., and Baking Bad Group, Inc. (collectively, the "Manufacturer Defendants).

2

Manufacturer Defendants have encouraged recreational use by producing nitrous oxide products in various "flavors" and package sizes that make them impractical for use in the kitchen, but consistent with tobacco, vaping, and other products consumed through inhalation. Due to flashy marketing aimed at youth and other vulnerable populations, nitrous oxide's popularity as a recreational drug is growing and nitrous oxide abuse is rapidly rising throughout the United States and the United Kingdom.

Plaintiff alleges that nitrous oxide products are distributed through smoke shops, including Manki Investments LLC, Hywaze LLC, A&A Smoke Shop, LLC, and the other Smoke Shop Defendants, that sell the nitrous oxide products to their patrons, knowing full well that their patrons are not purchasing the items for cooking, but rather to use as recreational drugs. The Smoke Shop Defendants thus sell products that result in addiction and cause grievous bodily harm to the public, including Plaintiff's sister Margaret, who purchased nitrous oxide products at each of the Smoke Shop Defendants, became addicted to them, suffered severe health consequences, and ultimately succumbed to her addiction, passing away on November 22, 2004 behind a smoke shop in Orange County, Florida after inhaling nitrous oxide products purchased at that shop.

Based on these allegations, Plaintiff asserts claims against the Manufacturer Defendants for strict liability (Count I), violation of the Florida Deceptive and Unfair

Trade Practices Act, Fla. Stat. § 501.201, *et seq.* (Count II), and unjust enrichment (Count III). In Count IV of the Complaint, Plaintiffs assert a claim for declaratory and injunctive relief against the Smoke Shop Defendants as a class, seeking to enjoin the Smoke Shop Defendants and other Defendant Class Members from selling nitrous oxide products.

On February 6, 2025, Plaintiff filed her Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. On March 27, 2025, Defendant Galaxy Gas, LLC removed the case to this Court under 28 U.S.C. §§ 1441 and 1446, asserting that this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

## ARGUMENT

In its motion to dismiss, Defendants contend that Count IV of the Complaint must be dismissed on three grounds: (1) because it fails to state a claim upon which relief would be granted, (2) the "political question" doctrine bars Plaintiff's claim for declaratory and injunctive relief that would prohibit smoke shops nationwide from selling nitrous oxide products, and (3) Plaintiff lacks standing to seek declaratory and injunctive relief because she does not allege a sufficient likelihood of future harm and a favorable judicial decision would not redress any alleged injury. Defendants also argue that because Plaintiff lacks standing to pursue injunctive and

4

declaratory relief, the class allegations in the Complaint fail to meet the "typicality" and "commonality" requirements, and thus the class cannot be certified.

As demonstrated herein, because Defendants contend Plaintiff lacks standing to assert Count IV, the Court lacks subject matter jurisdiction over Count IV and that count must therefore be remanded to state court.

"Removal is a purely statutory remedy, authorized by 28 U.S.C. § 1441." *Bank of Am., N.A. v. Rozier*, 2014 WL 12579701, at *1 (S.D. Fla. Feb. 21, 2014). "28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction." *In Re: Hendricks*, 2020 WL 9439374, at *2 (M.D. Fla. Nov. 2, 2020). "Because the right of removal is statutory, the statute must be strictly construed against removal in order to prevent encroachment on the state court's right to decide cases properly brought before it, especially in diversity cases." *Rozier*, 2014 WL 12579701 at *1 (internal quotation marks and citation omitted).

In removal cases, the burden is on the party who sought removal to demonstrate the existence of federal jurisdiction. *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (internal citations omitted). "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (internal quotation marks and citation omitted). Even when a party fails to

5

raise the issue of subject-matter jurisdiction, its "delineations must be policed by the courts on their own initiative." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999). It is "black letter law that 'parties may not stipulate to federal jurisdiction.'" *Sully v. Scottsdale Is. Co.*, 2021 WL 1289618, *6 (S.D. Fla. Apr. 7, 2021) (quoting *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269-70 (11th Cir. 2013)).

Manufacturer Defendant Galaxy Gas removed this case to this Court on the basis that this Court has original jurisdiction over this case under CAFA. However, it is not sufficient that the Court merely have original jurisdiction over this action. The Court must also have subject matter jurisdiction over the case, which requires that Plaintiff have Article III standing to bring her claim. *See Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1218 (S.D. Fla. 2020).

Article III of the Constitution limits federal courts' jurisdiction to deciding actual "Cases" or "Controversies." U.S. Const., Art. III, § 2; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). The doctrine of standing is central to ensuring that federal courts remain within these jurisdictional limits. *See Spokeo*, 578 U.S. at 338. Consequently, standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Thus, while Congress enacted CAFA to facilitate adjudication of certain class actions in federal court, … the fact remains that Congress 'cannot erase Article III's

6

standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Whisman v. Designer Brands Inc.*, 2021 WL 2389544, at *2 (S.D. Fla. June 11, 2021) (quoting *Spokeo*, 578 U.S. at 339).

"Article III standing of a named plaintiff must be established on a claim-by-claim basis within the Eleventh Circuit, and deferring the standing determination to the class certification stage will yield no different result." *Toback v. GNC Holdings, Inc.*, 2013 WL 5206103, at *4 (S.D. Fla. Sept. 13, 2013) (citing *Prado–Steiman v. Bush*, 221 F.3d 1266, 1279–80 (11th Cir. 2000) (internal citations omitted)). With respect to claims for declaratory and injunctive relief, "Article III of the Constitution requires that a plaintiff seeking injunctive relief allege a threat of future harm." *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1373–74 (S.D. Fla. 2015); *see also Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1357 (11th Cir. 2021) (holding that, where a "plaintiff seeks *prospective* relief, such as a declaratory judgment, he must 'allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'" (emphasis in original) (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999))). As Defendants contend in their Motion, "Plaintiff lacks standing to seek injunctive and declaratory relief against Defendants because the Complaint is devoid of any allegation that there is a 'real and immediate threat' of future injury, or a 'sufficient likelihood that [she] will be affected by the allegedly unlawful conduct in the future.' To possess such standing,

7

Plaintiff would have to allege that she is in 'immediate danger' of suffering the same injury previously suffered." Mot. at 6 (quoting *Volinsky v. Lenovo (United States) Inc.*, 2024 WL 1299315, at *4 (M.D. Fla. Mar. 27, 2024)).

Defendants wrongly contend that because Plaintiff lacks Article III standing for declaratory and injunctive relief, Count IV must be dismissed. But "[w]hen a case is removed from state to federal court and the plaintiffs do not have Article III standing in federal court, the district court's *only* option is to remand back to state court." *Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Fla.*, 34 F.4th 988, 994 (11th Cir. 2022) (emphasis added) (holding it was error for a district court to dismiss a removed case rather than remanding it back to state court when it did not have subject matter jurisdiction because the plaintiffs lacked standing). Indeed, the Eleventh Circuit has instructed:

> "[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from whence it came. 28 U.S.C. § 1447(c). *This provision is mandatory* and may not be disregarded based on speculation about the proceeding's futility in state court.

*Univ. of S. Ala.*, 168 F.3d at 410 (emphasis added); *see also McGee v. Solic. Gen. of Richmond Cnty.*, 727 F.3d 1322, 1326 (11th Cir. 2013) ("Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice. This is not so, however, in the removal context. As 28 U.S.C. § 1447(c) explains, '[i]f at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded.'"); *In Re: Hendricks*, 2020 WL 9439374 at *2 ("Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and 'all doubts about jurisdiction should be resolved in favor of remand to state court.'") (quoting *Univ. of S. Ala.*, 168 F.3d at 411).

Thus, this Court must remand Count IV[2] without addressing the merits of Defendants' motion, including whether Plaintiff has stated a claim for which relief can be granted, whether the "political question" doctrine bars Plaintiff's claim, or

---

[2] 28 U.S.C. § 1447(c) provides, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the *case* shall be remanded." (emphasis added). Courts are split as to whether this requires remand of an entire case in circumstances where the plaintiff lacks standing for a particular claim and the court therefore lacks subject matter jurisdiction over that claim, or whether the court may remand only the claim for which it lacks jurisdiction. *See, e.g.*, *Tarpon Transportation Servs., Inc. v. Total Quality Logistics, LLC*, 2021 WL 3111641, at *3 (M.D. Fla. July 22, 2021) ("Tarpon's lack of standing for Count I does not require remand of the entire case — the Court need only remand the claims over which it lacks jurisdiction.") (citing cases); *Reyes v. AQUA Life Corp.*, 2012 WL 12892212, at *1 (S.D. Fla. June 13, 2012) (remanding plaintiff's workers' compensation claim over which it lacked subject matter jurisdiction but retaining jurisdiction over his FLSA claim); *Ayers v. State Farm Mut. Auto. Ins. Co.*, No. 6:17-CV-1265-ORL-37TBS, 2017 WL 6524001, at *3 (M.D. Fla. Dec. 21, 2017) (Dalton, J.) (in a case removed pursuant to CAFA, severing and remanding certain claims while retaining others). *But see Amkin Mgmt., LLC v. Am. Home Assurance Co.*, 2023 WL 4637311, at *3 (S.D. Fla. July 20, 2023) (remanding entire case even though court had jurisdiction over one claim because "having two courts separately deciding these closely related counts, all arising out of the same loss and policy, would be both inefficient and risk inconsistent outcomes") (collecting cases); *Brannen v. DeKalb Cnty., Georgia*, 2019 WL 13522403, at *16 (N.D. Ga. June 10, 2019) ("This Court cannot remand to the Superior Court of DeKalb County only the state law claims applicable to Defendants other than Ottley. The removal statute only authorizes remand of a case."); *Advanced Mktg., Int'l, Inc. v. Ferguson*, No. 5:06-CV-15-OC-10GRJ, 2006 WL 1679417, at *4 (M.D. Fla. June 14, 2006) (Hodges, J.) ("The removal statute authorizes the removal of a case-and not the removal of a claim. And with respect to remand the removal statute only authorizes the remand of a case-and not the remand of a party or the remand of only a claim against a party. Accordingly, the Court cannot remand only claims against certain parties and not others.").

whether class certification can be granted with respect to Count IV. *See Lovelady v. Nat'l Specialty Ins. Co.*, 2021 WL 3855601, at *4 (S.D. Fla. Aug. 30, 2021) ("Because Plaintiffs have not alleged facts alleging a substantial likelihood of real, immediate, and definite future injury, the Court lacks Article III standing to adjudicate Plaintiffs' claim for declaratory relief and must remand the case under § 1447(c). The Court therefore need not reach the merits of Defendant's Motion to Dismiss the Complaint.") (internal citation omitted); *Mandel v. Marathon Petroleum Co. LP*, 2025 WL 635333, at *3 (C.D. Cal. Feb. 27, 2025) (after determining plaintiff lacked Article III standing to pursue a claim for injunctive relief because he did not allege an imminent threat of future harm cause by defendant's false advertising, noting, "remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." (quoting *Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016)).

## CONCLUSION

For the foregoing reasons, the Court must deny Defendants' Motion to Dismiss Count IV of Class Action Complaint and Response in Opposition to Class Certification Request as it Relates to Count IV. The Court should remand Count IV to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida,

for the reasons set forth in this memorandum and Plaintiff's Motion to Remand (ECF 24).

Dated: May 8, 2025

Respectfully Submitted,

*John A. Yanchunis*
John A. Yanchunis
Florida Bar #: 324681
JYanchunis@forthepeople.com
James D. Young
Florida Bar #: 567507
jyoung@forthepeople.com
Ronald Podolny*
Ronald.podolny@forthepeople.com
Riya Sharma*
rsharma@forthepeople.com

**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
201 North Franklin Street 7th Floor
Tampa, FL 33602
T: (813) 223-5505
F: (813) 223-5402

*Pro hac vice forthcoming*
**Counsel for Plaintiffs and the Class**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on May 8, 2025, a true and correct copy of the foregoing has been furnished via email through the CM/ECF to all counsel of record.

/s/ John A. Yanchunis
John A. Yanchunis
